Kimbrough vs. Worrill.

---

STEPHEN B. KIMBROUGH, plaintiff in error, *vs.* JOHN R. WORRILL, defendant in error.

Where A bargained to B certain slaves, which at the time were runaway, and B paid to A the price agreed upon, and it was agreed, at the time, . between the parties, that if B did not, by a certain fixed time, get possession of the slaves, A should repay the money.

*Held:* That this was only a conditional sale, and if B failed to get the negroes, there was no sale, and A holds the money for B's use, and B may recover it,  and it is not a debt, the consideration of which is a slave or slaves.

Jurisdiction.   Motion to dismiss.·   Decided by JUDGE J. M. CLARK.   Sumter Superior Court.   October Term, 1868.

Kimbrough brought complaint, in March, 1866, against John R. Worrill, upon the following writing:

" GEORGIA, SUMTER COUNTY,
" MARCH 14th, 1868.

" Rec'd of S. B. Kimbrough eight thousand dollars, in full of the purchase money of two certain negroes, to-wit: Cornelius, a man about twenty-four years of age, black, Adeline, a woman about twenty-nine years of age, dark, copper-color, which said negroes I hereby warrant sound and healthy in mind and body, and slaves for life, said negroes being now runaway.   I also warrant their recovery in six months from date ;  if not recovered within said six months, then, in that case, I am to refund said amount, in the new issue of Confederate notes, to be made after the 1st day of April next, and pay interest thereon till the first day of January next.                         JOHN R. WORRILL.

" *Test:* N. C. ALSTON."

The defendant moved to dismiss said cause upon the ground that this was a suit for a debt the consideration of which was a slave.   The Court did dismiss it, and that is assigned as error.

W. A. HAWKINS, for plaintiff in error, cited the Constitution of 1868.

C. T. GOODE and S. H. HAWKINS, for defendants in error, made no reply.

McCAY, J.

This was not a suit on a contract, the "consideration" of which was a slave or slaves, or the hire thereof.

The "consideration" of the "debt" described in this declaration, is the money paid by Kimbrough to Worrill, and which Worrill was to pay back to Kimbrough, in a contingency which has happened.

The words of the Constitution are: "any debt, the *consideration* of which was a slave or slaves, or the hire thereof."

When the plaintiff failed to get the negroes, by the terms of the contract, the money was to be repaid. What was the consideration of this agreement to repay the money? Certainly not the negroes. The consideration plainly was the *money* which Kimbrough had paid.

This was, in fact, but a conditional sale, and when the condition precedent—the recovery of the negroes—failed to be performed, Worrill owed the money, not in "consideration" of the negroes, but of the money paid, and he held that money for Kimbrough's use. Masters vs. Marriat, 3d Levintz.

The contract may be epitomized thus: "In consideration that John R. Worrill has paid me this day ——— dollars, I agree to repay him the same, after six months, if by that time I have not succeeded in recovering certain run-away slaves which he has this day sold to me.

Judgment reversed.